# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                      )
                      )
          v.           )
                      )
BRANDON WYCHE,      )   Cr. A. No. 1208026082A
                      )
    Defendant.        )
                      )
                      )

Date Decided: March 5, 2018

On Defendant Brandon Wyche's Motion for
Postconviction Relief. **DENIED.**

## ORDER

On March 12, 2011 Defendant was shot in the head during a robbery by BJ Merrell. After Defendant recovered from his injuries, he went to a park where Merrell and his friends were playing dice and basketball on August 30, 2012. Defendant began a fight with Merrell and Defendant subsequently pulled out a gun and shot Merrell. Merrell's girlfriend witnessed the event and told police. Defendant was arrested and indicted on charges of Murder (First Degree), Possession of a Firearm During the Commission of a Felony, and Possession of a Firearm by a Person Prohibited. The State made two plea offers which the Defendant rejected both. A jury found Defendant guilty of Murder (First Degree) and

Possession of a Firearm During the Commission of a Felony. Defendant was sentenced to life in prison on the murder charge and 25 years at Level V for Possession of a Firearm During the Commission of a Felony. The Delaware Supreme Court affirmed Defendant's convictions on April 15, 2015.

Defendant filed his initial Motion for Postconviction Relief on July 28, 2015 and Defendant was appointed counsel on July 1, 2016. Subsequently on March 10, 2017, Defendant's counsel filed a Motion to Withdraw as counsel. Counsel provided Defendant an opportunity to present his points for the Court's consideration. Counsel presented Defendant's points for the Court's consideration of his motion for postconviction relief on July 24, 2017. Additionally, on September 12, 2017, Defendant's trial counsel filed an affidavit in response to Defendant's claims for ineffective assistance of counsel.

## Parties' Contentions

Defendant filed his initial motion for postconviction relief on July 28, 2015. Defendant argued, among other things, that counsel was not prepared for trial, counsel gave Defendant limited time to accept the plea offer. In a document titled "Memorandum of Law in support of Motion for Postconviction Relief," Defendant contends that counsel was "constitutionally deficient" for the following: failing to advise Defendant whether to accept the States offer, failure to object to evidence that was subject to misconduct at the medical examiner's office, failure to advise

2

Defendant that the State was going to introduce incriminating videos, failure to constitutionalize claims, failure to advise defendant on legal standards during a plea, failing to review charges with Defendant before he denied the plea, failure to review the strength of the State's case, failing to properly communicate with Defendant and review the consequences of the State's offer, failure to review incriminating videos and discuss Defendant's potential sentence. Additionally, in Defendant's document titled "Motion for Points and Considerations" Defendant argues that there was juror misconduct during his trial and Mr. Brathwaite's statement at trial was not voluntary. Defendant also argues in this "Motion to Amend" that counsel failed to request a "duress" instruction. The State claims that Defendant's ineffective assistance of counsel claims fail as a matter of law, and his other claims are barred pursuant to the Rule 61 procedural bars.

## Discussion

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[2] bars successive postconviction motions, which is also not applicable as this is

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Super. Ct. Crim. R. 61(i)(2).

3

Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[3] This bar is also not applicable to Defendant's ineffective assistance of counsel claim, which could not have been raised in any direct appeal.[4] However, this bar is applicable to Defendant's juror misconduct claim. Defendant did not claim juror misconduct during his trial or during his appeal to the Delaware Supreme Court. In his points for consideration he does not show how this prejudiced him or provide any record of this for the Court to consider this as a valid point not barred under 61(i)(3). Therefore, Defendant's juror misconduct claim is dismissed. To the extent that Defendant attempted to argue that he was operating under extreme emotional distress which constitutes manslaughter and not murder, this argument is procedurally barred because this could have been argued on appeal, and there was no basis for an ineffective assistance of counsel claim on this issue.[5]

---

[3] Super. Ct. Crim. R. 61(i)(3).

[4] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).

[5] The State's briefing addresses extreme emotional distress, and Defendant's Postconviction counsel addresses this as self-defense in counsel's motion to withdraw as counsel. After reading Defendant's contentions, the Court's interpretation of this "duress defense" claim is that Defendant argues he should have been convicted of manslaughter and not murder because he was operating under the influence of extreme emotional disturbance.

4

Next, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[6] This bar is applicable to Defendant's claim that Carlyle Braithwaite's prior recorded statement was "involuntary and coerced" and should not have been played for the jury. To the extent that Defendant claims that this statement was improperly admitted at trial, this claim is barred under Rule 61(i)(4) because the Delaware Supreme Court decided this issue on appeal. Finally, Rule 61(i)(5) presents an avenue for Defendant to overcome the procedural bars, however, Defendant did not satisfy the pleading requirements under this rule.[7]

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[8] To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[9] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[10] The "benchmark for judging any claim of

---

[6] Super. Ct. Crim. R. 61(i)(4).
[7] *See* Super. Ct. Crim. R. 61(i)(5).
[8] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).
[9] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).
[10] *Id.*

ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[11] First, to address Defendant's medical examiner claim, trial counsel filed an affidavit stating that the mishandled evidence at the Medical Examiner's Office was related entirely to drug evidence, and Defendant had no basis to object or raise any issues with the State's evidence because Defendant's case is entirely unrelated. Next, as to Defendant's claims regarding trial counsel's alleged failure to discuss the implications of the plea offer and the State's case, trial counsel's affidavit demonstrates that these claims fail. Trial counsel avers that he met with Defendant each time a plea offer was made and counsel discussed the merits of the offers during both the initial trial and the retrial. Trial counsel also stated that he discussed these implications with Defendant's mother as well. Additionally, trial counsel discussed the final plea offer with Defendant and he had permission to use counsel's cell phone to discuss this with his mother. Counsel advised Defendant that he should take the plea offer and discussed the proposed sentence recommendation, and Defendant chose to reject the offer.

Next, as to Defendant's claims regarding the introduction of videos at his second trial, trial counsel states that although it is not clear as to which videos

---

[11] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

6

Defendant is referring to, he believes that this claim is in regard to videos that were previously posted on social media of Defendant. In the videos Defendant is with friends and was identified by the nickname "Smooth." Trial counsel states that he was unaware of these videos prior to the second trial because the State discovered them after the second trial began. However, trial counsel avers that these videos were introduced for the limited purpose of establishing Defendant's nickname and not to implicate him on the murder charge. Therefore, Defendant's claims regarding the videos introduced at trial fail. As to the rest of Defendant's ineffective assistance of counsel claims, trial counsel states that he routinely communicated with Defendant, advised Defendant of the charges against him and the strengths of the State's case throughout the entire proceeding. Because Defendant cannot show that Trial Counsel's representation fell below an objective standard of reasonableness, his Motion for Postconviction Relief pursuant to Rule 61 is hereby **DENIED** and the outstanding Motion to Withdraw as Counsel is moot.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.